**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

MU'MIN ABDULAZIZ/ASKEW,
ADC #82276                                                                                        PLAINTIFF

1:12CV00102-DPM-JTK

CORY WILLIAMS, et al.                                                                     DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.       The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

I.   **Introduction**

This matter is before the Court on Defendants' Motions for Summary Judgment (Doc. Nos. 62, 65).  Plaintiff filed a Response in opposition to the Motions, together with a Motion to Strike and for Hearing (Doc. No. 68).  Defendants thereafter filed a Reply (Doc. No. 69).

Plaintiff Mu'min Abdulaziz/Askew,[1] is a state inmate incarcerated at the East Arkansas Unit of the Arkansas Department of Correction (ADC).   He filed this action pursuant to 42 U.S.C. § 1983 while incarcerated at the Grimes Unit, alleging excessive force, failure to protect, deliberate indifference to his serious mental health needs, and denial of adequate nutrition (Doc. No. 7).  By Order dated January 22, 2013 (Doc. No. 20), this Court dismissed his allegations of excessive force and failure to protect, based on his status as a three-striker and his failure to allege imminent danger

---

[1]Plaintiff also has filed numerous cases under the name of Frank Askew.

of serious harm in order to fall within the three-strikes exception.[2]  Plaintiff's remaining allegations relate to Defendants' alleged failure to adequately provide him with mental health treatment and their deliberate indifference to his allergy to milk and eggs, resulting in inadequate nutrition and a substantial weight loss.  Following the Court's January 22, 2013 Order, the remaining Defendants are ADC employees John Maples, Richard Guy, James Huddleston, Tina Babb, Shirley Gatlin, George Lettenmaier, and Eryka Landers, and medical employees Dr. Melvin Nance, Betty Hutchinson, and Billy Cowell.  Plaintiff asks for injunctive relief from Defendants.

## II.    Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'"  Id. at 1135.  Although the facts are

[2]The Prison Litigation Reform Act (PLRA), 28 U.S.C. Sect. 1915(g), provides that: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three(3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

A.      **Exhaustion**

1.      **ADC Defendants' Motion (Doc. No. 62)**

ADC Defendants first ask the Court to dismiss Plaintiff's Complaint for failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e.  Defendants state that Plaintiff filed eight grievances concerning the issues raised in his complaint, but failed to exhaust his administrative remedies as to all, either because he did not name the Defendants in the grievances or did not exhaust the grievances prior to the time he filed this action on October 5, 2012.  Administrative Directive (AD 12-16) was the ADC grievance procedure in effect during this time, and requires inmates to specifically name each individual involved in his grievance and fully exhaust the grievance by appealing it through the final level of the process. (Doc. No. 62-2, pp. 5, 18.)

Defendants specifically address each of the relevant grievances as follows:

(a) 12-01265 (Doc. No. 62-3) - filed on July 18, 2012; names FPM Howard (non-party), and complains about Howard forcing Plaintiff to eat eggs and milk, despite Plaintiff's medical restrictions, and failing to provide adequate dietary substitutions to Plaintiff.  Defendant Guy responded to Plaintiff's grievance on behalf of Defendant Maples, indicating that at the time of the incident, Defendant Huddleston had not received a report of Plaintiff's temporary script for an egg allergy.  Plaintiff did not file an appeal this decision, as provided in AD 12-16.

(b) 12-01563 (Doc. No. 62-4) - filed on August 18, 2012; names Sgt. Young (non-

party), and complains about the dietary substitutes provided to Plaintiff, and the lack of adequate nutrition. Defendant Maples responded to the grievance, stating Plaintiff's substitute for eggs is fruit, and for milk is juice, pending an allergy test to confirm a milk and egg allergy. Plaintiff did not file an appeal to this decision.

      (c) 12-01847 (Doc. No. 62-5) - filed on September 16, 2012; names Defendant Huddleston and "every other" person who is depriving Plaintiff of proper nutrition because of his egg and milk allergies. Defendant Maples responded to the grievance, stating that the allergy test concluded that Plaintiff is not allergic to milk and eggs, but rather, to corn and corn products. Plaintiff appealed this decision, and received a response to the appeal on December 19, 2012.

      (d) 12-01954 (Doc. No. 62-6) - filed on September 29, 2012; names Sgt. James Young (non-party) and complains about being forced to eat food with eggs and milk despite his allergies. The health service response to the grievance repeats that the allergy test showed no allergy to eggs or milk. Plaintiff appealed, and received a final response on December 12, 2012.

      (e) 12-01955 (Doc. No. 62-7) - filed on September 30, 2012; names Sgt. James Young (non-party) and complains he tried to kill plaintiff by giving him a tray with food containing eggs and milk, despite his allergies. The health service response noted that this issue was previously grieved, and that Plaintiff's lab tests showed no milk or egg allergies. Plaintiff filed an appeal which was rejected on November 6, 2012.

      (f) 12-01962 (Doc. No. 62-8) - filed on September 29, 2012; names Defendants Babbs and Gatlin of the mental health department, and complains they initialed inmates' files without actually talking to them or assessing their needs. The response to the grievance found that mental health employees were properly following policy. Plaintiff filed an appeal, and received a

final response on December 31, 2012.

        (g) 12-02045 (Doc. No. 62-9) - filed on October 14, 2012; does not identify anyone by name, and complains that his evening meal lacked anything containing corn, and failed to provide him with adequate nutritional substitutes.  Defendant Maples responded to the grievance, noting Plaintiff is not permitted to receive corn products, because of his allergy, and that Plaintiff was provided adequate substitutes from the modified diet line.  Plaintiff did not file an appeal from this decision.

        (h) 12-02208 (Doc. No. 62-10) - filed on October 29, 2012; names Defendants Babbs, Gatlin and Litterman (Lettenmaier), and complains about deliberate indifference to his mental health needs.  The grievance response found no evidence to support Plaintiff's allegations.  Plaintiff's appeal was rejected on December 11, 2012 for failure to follow policy.

        Defendants note that Plaintiff failed to appeal grievances 12-01265 and 12-01563 to the final level of the grievance process, and that the remaining grievances were not exhausted until after Plaintiff filed the present lawsuit, which is contrary to the PLRA.  Therefore, Plaintiff's complaint against them should be dismissed, for failure to exhaust.

### 2.      Medical Defendants' Motion (Doc. No. 65)

        Defendants Nance, Cowell, and Hutchinson similarly ask the Court to dismiss Plaintiff's claims against them for failure to exhaust his administrative remedies prior to filing this lawsuit, adopting by reference the arguments set forth by the ADC Defendants in their Motion.  They also provide the Declaration of Barbara Williams, the ADC inmate grievance supervisor, who reviewed Plaintiff's grievances and found that he filed numerous grievances in the relevant time period, but did not exhaust any of the grievances prior to the time Plaintiff filed his complaint on October 5,

2012.  (Doc. No. 67-1.)

### 3.      Plaintiff's Response/Motion to Strike and for Hearing

Plaintiff claims he exhausted his remedies, and directs the Court to the responses in grievances 12-01954, 12-01847, and 12-01955.  In addition, he states that he fully exhausted grievance 12-02208 because his final appeal was rejected and therefore, no other remedy was available to him.  He asks the Court to strike the declarations submitted by the Defendants, stating that they did not provide to him in advance, as he had previously requested, a list of their proposed witnesses.  He also states that several of his grievances were timely exhausted prior to the filing of his amended complaint on November 20, 2012.

### 4.      Analysis

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.  In Booth v. Churner, 532 U.S. 731, 741 (2001), the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."  In addition, the United States Court of Appeals for the Eighth Circuit held, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them.  Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'"  Chelette v. Harris, 229

7

F.3d 684, 688 (8th Cir. 2000), quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000).   In Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003), the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory."  (Emphasis in original.)   Finally, in Jones v. Bock, 549 U.S. 199, 218 (2007) the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."

The United States Court of Appeals for the Eighth Circuit recently ruled that prison officials waive the failure to exhaust argument if they decide a procedurally-flawed grievance on the merits. Hammett v. Cofield, 681 F.3d 945 (8th Cir. 2012).  In Hammett, an inmate who relied on grievances which were not exhausted or which were filed outside of mandatory time limits was permitted to proceed in his lawsuit, because the "PLRA's exhaustion requirement is satisfied if prison officials decide a procedurally flawed grievance on the merits."  681 F.3d at 947.  This line of reasoning was extended to an exhausted grievance filed by an inmate who failed to comply with prison procedures requiring that defendants be specifically named, in Bower v. Kelley, 494 Fed.Appx. 718, 2012 WL 6199266 (8th Cir. 2012).  In Bower, an inmate filed a grievance about inadequate dental care and did not specifically name any individuals in his grievance.  Despite the ADC grievance process requirement of naming individuals involved, prison officials processed his grievance on the merits through the appeals.  The Eighth Circuit rejected the Defendants' arguments on appeal that Plaintiff failed to exhaust his administrative remedies by failing to name them in the grievance, citing Hammett and finding that such argument was waived by deciding the flawed grievance on the

8

merits.          In this particular case, Plaintiff filed six grievances about his allergy to milk and eggs, or about Defendants' failure to provide him with nutritionally-adequate substitutes.  Three of those grievances (12-01265, 12-01563, and 12-02045) were not appealed, and therefore were not exhausted.  (Doc. Nos. 62-3, 62-3, 62-9.)  Grievances 12-01847, 12-01954, and 12-01955 were appealed, but were not exhausted until after Plaintiff filed this lawsuit on October 5, 2012.  Of those three grievances, only one (12-01955) was exhausted prior to the filing of his Amended Complaint, on November 20, 2012.  The Court does not, however, accept Plaintiff's argument that this grievance was exhausted, because FED.R.CIV.P. 15(c)(1)(B) provides that an amendment to a pleading relates back to the date of the original pleading when it asserts a claim or defense which arose out of the conduct, transaction or occurrence set forth in the original pleading.  In grievance 12-01955, Plaintiff complained about a non-party trying to kill him by providing him with eggs and milk on his food tray, despite his dietary restrictions.  This allegation was part of his Original Complaint (Doc. No. 2, pp. 7-8), and therefore, any allegations in his Amended Complaint about this related back to the filing of his Original Complaint.  Furthermore, the individual named in grievance 12-01955 is not a named Defendant, so this grievance was not properly exhausted as to any of the named Defendants.

The only other exhausted grievances, 12-01962 and 12-02208, relate to his mental health claims, and were not exhausted until December 31, 2012, and December 11, 2012, which is after the filing of both the Original and Amended Complaints.  Therefore, Plaintiff failed to exhaust with respect to his claims against the medical Defendants.

The Court finds that Plaintiff's Motion to Strike and for Hearing should be denied, because Defendants' submission of the declarations in support of their Motions was not improper or contrary

to any rules of evidence.

### B.     Additional Defenses

The Court agrees with Defendants that Plaintiff's monetary claims against them in their official capacities should be dismissed, pursuant to sovereign immunity.  <u>Will v. Michigan Dep't. of State Police</u>, 491 U.S. 58, 65-66 (1989); <u>Murphy v. State of Arkansas</u>, 127 F.3d 750, 754 (8th Cir. 1997).  However, the Court will not address their remaining arguments for dismissal, based on its finding that Plaintiff failed to exhaust his administrative remedies with respect to all his claims against all the named Defendants.  <u>See</u> <u>Johnson v. Jones</u>, where the Court held that  if exhaustion was not completed at the time the suit was filed, dismissal is mandatory.  340 F.3d at 627.

### C.     Additional Parties

Plaintiff originally named as a Defendant "Officer John Doe."  However, he has never identified this Defendant and therefore, Defendant Doe also should be dismissed.

## III.   Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendants' Motions for Summary Judgment (Doc. Nos. 62, 65) be GRANTED and that Plaintiff's Complaint against Defendants be DISMISSED without prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's Motions to Strike and for Hearing (Doc. No. 68) be DENIED as moot.

IT IS SO RECOMMENDED this 7th day of November, 2013.

_____

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE